UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:21-mc-81419

In re Application of:
BDO Canada Limited
for Order to Obtain Discovery for
Use in Foreign Proceeding.

**APPLICATION FOR AN *EX PARTE* ORDER PURSUANT TO 28 U.S.C. § 1782
TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

The Applicant, BDO Canada Limited, in its capacity as court-appointed receiver of the assets, properties and undertakings of 1635536 Ontario Inc. o/a Versitec Marine & Industrial and Versitec Marine USA Inc. (the "Applicant"), by and through undersigned counsel, applies for an Order, pursuant to 28 U.S.C. § 1782 and Rules 26, 34 and 45 of the Federal Rules of Civil Procedure, granting the Applicant leave to serve subpoenas for production of documents on Truist Bank ("Truist") and Bank of America Corporation ("BOA"), both of which are found in this District, for use in a foreign court case presently pending in the Ontario Superior Court of Justice (Commercial List) in Toronto, Ontario, Canada (the "Canadian Litigation").

The Canadian Litigation involves a receivership proceeding over the assets, properties and undertakings of 1635536 Ontario Inc. o/a Versitec Marine & Industrial and Versitec Marine USA Inc. (collectively, the "Debtors"). The Applicant is the Court appointed receiver over the assets and undertakings of the Debtors. The Applicant seeks to obtain discovery from Truist and BOA concerning bank accounts owned by Debtors at those institutions.

All of the statutory requirements under 28 U.S.C. § 1782 are satisfied. First, the Applicant is the court appointed substitute receiver in the pending Canadian Litigation and is therefore an "interested person." Second, the Applicant seeks evidence through the production of documents. Third, the discovery sought is for use in a proceeding in a foreign tribunal. The Ontario Superior

1

Court of Justice (Commercial List), the court in which the Canadian Litigation is pending, is a conventional civil court in Canada and, accordingly, is a "tribunal" within the meaning of 28 U.S.C. § 1782. The Applicant has the ability to inject the requested information into the Canadian Litigation, a pending foreign proceeding in which the Applicant is a court appointed receiver. The discovery sought can be used in the Canadian Litigation by the Applicant to fulfill its court-appointed role and report to the Canadian Court and the Debtors' creditors as to the assets owned by the Debtors. Fourth, Truist and BOA, the entities from which discovery is sought, are found within this District.

The discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262-265 (2004), favor granting this Application. First, neither Truist nor BOA are parties to the Canadian Litigation. Second, the Ontario Superior Court of Justice (Commercial List) neither has a rule nor has issued an order prohibiting the relief requested in this Application. To the contrary, the Ontario Superior Court of Justice has issued an Order in the Canadian Litigation specifically requesting the aid and recognition of any court in the United States to give effect to the order appointing the Applicant as receiver and to assist the receiver in carrying out the terms of the receivership order, which includes *inter alia* receiving, preserving and protecting the property of the Debtors and to receive and collect all monies owed or owing to the Debtors. Accordingly, evidence obtained pursuant to 28 U.S.C. § 1782 may be added to the record in the Canadian Litigation and taken into consideration by the Ontario Superior Court of Justice. Third, the Applicant is not attempting to circumvent foreign proof-gathering limits or other policies of Canada or the United States. Finally, the requested discovery – which consists of bank statements for a period of less than two years – is not unduly intrusive or burdensome.

This Application is brought *ex parte* because service is not required under 28 U.S.C. § 1782. *See In re Braga*, 789 F. Supp. 2d 1294, 1303 (S.D. Fla. 2011) ("There is nothing inappropriate about an *ex parte* application under this statute. In fact, in the Court's experience, most applications filed here

in this district are submitted on an *ex parte* basis.").

In support of this Application, the Applicant has contemporaneously filed a Memorandum of Law accompanied by the Declaration of Canadian legal counsel for the Applicant, Graham Phoenix.

WHEREFORE, the Applicant respectfully requests that this Court enter an Order:

1. Granting this Application for discovery pursuant to 28 U.S.C. § 1782.
2. Authorizing the Applicant to take discovery from Truist and BOA, by issuing subpoenas for production of documents in the forms attached to the Declaration of R. Graham Phoenix as Exhibits __ and __, respectively.
3. Authorizing the Applicant to issue additional subpoenas directed to Truist and BOA and/or a corporate designee of Truist and BOA for depositions and/or production of documents on issues within the scope of the Applicant consistent with the Federal Rules of Civil Procedure.
4. Directing Truist and BOA and their respective corporate designees to comply with the subpoenas issued in this case in accordance with the Federal Rules of Civil Procedure and the Rules of this Court.
5. Appointing Jayson Thomas, of counsel to Fuerst Ittleman David & Joseph, counsel for the Applicant, to issue, sign, and serve subpoenas upon the witnesses in this case, and ordering that testimony in this matter may be taken before any certified court reporter authorized to take testimony and administer oaths, and such court reporters are hereby authorized to take testimony in this matter.

Dated: August 16, 2021

By: /s/ Jayson Thomas
JAYON THOMAS
Florida Bar No. 1002861
FUERST ITTLEMAN DAVID & JOSEPH
*Attorneys for Applicant, BDO CANADA LIMITED*
One Southeast Third Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 350-5690
Facsimile:   (305) 371-8989
Email: jthomas@fidjlaw.com
Secondary: jthomas@loonix.com
Secondary: lcabrera@fidjlaw.com